## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TRANSAMERICA TIRE CO. LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-01734-MTS |
| ) | |
| LINKED LOGISTICS, LLC, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court has identified an issue with its subject-matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Plaintiff Transamerica Tire Co. Ltd. invokes this Court's subject-matter jurisdiction under 28 U.S.C. § 1332(a). Doc. [1] ¶ 4. Such "diversity jurisdiction" is proper where there is "complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). That is, no plaintiff can have citizenship in the same state where a defendant has citizenship. *Id.* (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

Plaintiff, though, has not pleaded facts that establish the complete diversity of citizenship between the parties. *See* Fed. R. Civ. P. 8(a)(1). Plaintiff has failed to do so because it has not pleaded facts that establish Defendant Linked Logistics, LLC's citizenship. *Compare* Doc. [1] ¶ 2 (alleging where Linked Logistics, LLC, is "organized" and has a "principal place of business"), *with GMAC Com. Credit LLC v. Dillard Dep't*

*Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes), *and Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) (explaining same).

If Plaintiff can establish this Court's subject-matter jurisdiction, it must file an amended complaint doing so. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that burden of establishing subject-matter jurisdiction rests upon party asserting it). The Court cautions Plaintiff not to alter any allegations beyond those that are jurisdictional. *See* 28 U.S.C. § 1653 (allowing amendment of pleadings to show jurisdiction); *see also* Fed. R. Civ. P. 15(a)(2) (requiring leave of court or the opposing party's written consent to amend the pleadings). Here, to establish complete diversity, the amended complaint must "identify each of the individual members of the defendant LLC and specifically plead the state of their citizenship." *James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023); *accord NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[W]ith respect to a limited liability company, the citizenship of all of the members must be pled.").[*] Failure to do so will result in the dismissal of this action without prejudice.

Accordingly,

---

[*] The Court notes that Defendant has filed a Disclosure Statement as required by Federal Rule of Civil Procedure 7.1 and Eastern District of Missouri Local Rule 2.09. Doc. [13] (identifying Defendant's sole member). Although such disclosures may contain useful jurisdictional information for the parties and for the Court, they do not satisfy Plaintiff's duty to sufficiently plead this Court's jurisdiction in its Complaint. *See* Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction.").

- 3 -

**IT IS HEREBY ORDERED** that, no later than **Wednesday, February 11, 2026**, Plaintiff shall file an amended complaint that establishes this Court's subject-matter jurisdiction.  Failure to do so will result in dismissal of this action without prejudice.

Dated this 4th day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE